October 3, 2018

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

  We write in response to the Government's letter of earlier today stating that it intends to withdraw its import commerce theory from the trial.  Until now, the Government has consistently maintained that the Sherman Act's application to Defendants' conduct is premised, in part, on their involvement in import commerce.  The January 10, 2017 Indictment uses the phrase "U.S. import trade or commerce" eight times, and the Court denied Defendants' motion to dismiss the Indictment in part because the Court found the Government had "persuasively argue[d]" that Defendants' conduct involved "import commerce."  *See* Dkt. 95 at 10.  Now, 19 months after the Grand Jury returned the Indictment and just six days before trial is scheduled to begin, the Government seeks to materially alter its theory of the case.

  This eleventh-hour change raises significant Fifth Amendment concerns.  Depending on how and to what degree the Government instructed the Grand Jury on the import commerce element and represented the evidence thereof, the Government's abandonment of the import commerce theory may have caused a constructive amendment of the Indictment.  *See United States v. Mendel Beker, et al.*, 07-CR-0765, Dkt. 316, at *5 (N.D. Cal. Feb. 24, 2011) (finding "the prosecution's shifting fraud theories to constitute a constructive amendment of the indictment" based on a review of the grand jury testimony of the Government's summary witness).  On October 2, 2018, we asked the Government to produce the colloquy and any summary witness testimony in the Grand Jury transcripts relating to the commerce element.  The Government denied our request, just as it denied a similar request by Defendants in September 2017.  Because of the Government's last-minute change to its theory of commerce and the possibility that it could result in a constructive amendment to the Indictment, Defendants respectfully ask the Court to order the Government to produce this Grand Jury material pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii).

  In addition, to the extent the Court permits the Government to amend its proposed jury instructions in response to this change, as the Government requests, Defendants respectfully ask that the Court likewise permit Defendants to amend their proposed jury instructions in response to the Government's change to its case theory.

Honorable Richard M. Berman
October 3, 2018
Page 2

Respectfully submitted,

/s/ Heather Tewksbury

| | |
|---|---|
| Heather Tewksbury | Michael Kendall |
| Anjan Sahni | Mark Gidley |
| WilmerHale LLP | Andrew Tomback |
| 7 World Trade Center | White & Case LLP |
| New York, NY 10007 | 75 State Street |
| Tel: (212) 230-8800 | Boston, MA 02109 |
| Email: heather.tewksbury@wilmerhale.com | Tel: (617) 979-9300 |
| anjan.sahni@wilmerhale.com | Email: michael.kendall@whitecase.com |
| | mgidley@whitecase.com |
| *Counsel for Rohan Ramchandani* | andrew.tomback@whitecase.com |
| | *Counsel for Richard Usher* |

David Schertler
Lisa Manning
Schertler & Onorato, LLP
901 New York Avenue, N.W.
Suite 500
Washington, D.C. 20001
Tel: (202) 628-4199
Email: dschertler@schertlerlaw.com
   lmanning@schertlerlaw.com

*Counsel for Christopher Ashton*